Hon. Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| INTERVAL LICENSING LLC, | Case No.  C11-716 MJP |
| Plaintiff, | LEAD CASE NO. C10-1385 MJP |
| v. | **FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT** |
| YAHOO! INC., | |
| Defendant. | **JURY DEMAND** |

### FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Interval Licensing LLC, files this first amended complaint for patent infringement against Defendants AOL, Inc., Apple, Inc., eBay, Inc., Facebook, Inc., Google Inc., Netflix, Inc., Office Depot, Inc., OfficeMax Inc., Staples, Inc., Yahoo! Inc., and YouTube, LLC.  Plaintiff Interval Licensing LLC alleges:

S U S M A N   G O D F R E Y   L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA  98101-3000
Tel:  (206) 516-3880; Fax: (206) 516-3883

**THE PARTIES**

1.      Interval Licensing LLC ("Interval") is a limited liability company duly organized under the laws of the state of Washington, with its principal place of business at 505 Fifth Avenue South, Suite 900, Seattle, WA 98104.

2.      Interval is informed and believes, and on that basis alleges, that Defendant AOL, Inc. ("AOL") is a corporation duly organized and existing under the laws of the state of Delaware, with its principal place of business at 770 Broadway, New York, NY 10003.

3.      Interval is informed and believes, and on that basis alleges, that Defendant Apple, Inc. ("Apple") is a corporation duly organized and existing under the laws of the state of California, with its principal place of business at 1 Infinite Loop, Cupertino, CA 95014.

4.      Interval is informed and believes, and on that basis alleges, that Defendant eBay, Inc. ("eBay") is a corporation duly organized and existing under the laws of the state of Delaware, with its principal place of business at 2145 Hamilton Avenue, San Jose, CA 95125.

5.      Interval is informed and believes, and on that basis alleges, that Defendant Facebook, Inc. ("Facebook") is a corporation duly organized and existing under the laws of the state of Delaware, with its principal place of business at 1601 S. California Avenue, Palo Alto, CA 94304.

6.      Interval is informed and believes, and on that basis alleges, that Defendant Google Inc. ("Google") is a corporation duly organized and existing under the laws of the state of Delaware, with its principal place of business at 1600 Amphitheatre Parkway, Mountain View, CA 94043.

*FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT*
*Case No. C11-716 MJP*
*Page 2 of 35*

1544610v1/011873

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

7.      Interval is informed and believes, and on that basis alleges, that Defendant Netflix, Inc. ("Netflix") is a corporation duly organized and existing under the laws of the state of Delaware, with its principal place of business at 100 Winchester Circle, Los Gatos, CA 95032.

8.      Interval is informed and believes, and on that basis alleges, that Defendant Office Depot, Inc. ("Office Depot") is a corporation duly organized and existing under the laws of the state of Delaware, with its principal place of business at 6600 North Military Trail, Boca Raton, FL 33496.

9.      Interval is informed and believes, and on that basis alleges, that Defendant OfficeMax Inc. ("OfficeMax") is a corporation duly organized and existing under the laws of the state of Delaware, with its principal place of business at 263 Shuman Boulevard, Naperville, IL 60563.

10.     Interval is informed and believes, and on that basis alleges, that Defendant Staples, Inc. ("Staples") is a corporation duly organized and existing under the laws of the state of Delaware, with its principal place of business at 500 Staples Drive, Framingham, MA 01702.

11.     Interval is informed and believes, and on that basis alleges, that Defendant Yahoo! Inc. ("Yahoo") is a corporation duly organized and existing under the laws of the state of Delaware, with its principal place of business at 701 First Avenue, Sunnyvale, CA 94089.

12.     Interval is informed and believes, and on that basis alleges, that Defendant YouTube, LLC ("YouTube") is a limited liability company duly organized and existing

*FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT*
*Case No. C11-716 MJP*
*Page 3 of 35*

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA  98101-3000
Tel:  (206) 516-3880; Fax: (206) 516-3883

1544610v1/011873

under the laws of the state of California, with its principal place of business at 901 Cherry

Avenue, San Bruno, CA 94066.

## JURISDICTION AND VENUE

13.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1338(a)

because this action arises under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*

Venue is proper in this Federal Circuit pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1400(b) in

that a substantial part of the events giving rise to the claims occurred in this district and the

defendants have a regular and established practice of business in this district and have

committed acts of infringement in this district.

## INTERVAL RESEARCH CORPORATION WAS A PIONEER IN THE TECHNOLOGY INDUSTRY

14.     Interval Research Corporation ("Interval Research") was founded in 1992 by

Paul Allen and David Liddle to perform advanced research and development in the areas of

information systems, communications, and computer science.  Mr. Allen, who served as

Interval Research's chairman, was one of the earliest pioneers of personal computer

software.  He co-founded Microsoft with Bill Gates in 1975 and later founded Vulcan

Ventures in 1986.  Mr. Liddle served as Interval Research's president and chief executive

officer.  He was instrumental in developing fundamental technologies starting in the early

1970s when he worked at Xerox at the Palo Alto Research Center.

15.     Starting with Mr. Allen, Mr. Liddle, and a handful of scientists and inventors,

Interval Research evolved into one of the preeminent technology firms.  It employed over

110 of the world's leading scientists, physicists, engineers, artists, and journalists, and was

at the forefront in designing next-generation science and technology.

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA  98101-3000
Tel:  (206) 516-3880; Fax: (206) 516-3883

16.     In addition to the research that Interval Research conducted, it also provided funding and assistance for other projects.  For example, Interval Research served as an outside collaborator to and provided research funding for Sergey Brin and Lawrence Page's research that resulted in Google.  Indeed, a Google screenshot dated September 27, 1998 entitled "About Google!" identifies Interval Research in the "Credits" section as one of two "Outside Collaborators" and one of four sources of "Research Funding" for Google.  *See* Sept. 27, 1998 Website "About Google!" attached as Exhibit 1.

17.     Mr. Brin and Mr. Page also recognized Interval Research's funding in the "Acknowledgements" section of their 1998 research article entitled "Anatomy of a Large-Scale Hypertextual Web Search Engine" in which they "present Google."

18.     As a testament to Interval Research's innovation, it was issued approximately 300 patents in less than a decade.  Four of those patents are the patents-in-suit.

19.     Interval Licensing LLC owns the patents-in-suit.  The company is owned and controlled by Mr. Allen.

### INFRINGEMENT OF U.S. PATENT NO. 6,263,507

20.     On July 17, 2001, United States Patent No. 6,263,507 ("the '507 patent") was duly and legally issued for an invention entitled "Browser for Use in Navigating a Body of Information, With Particular Application to Browsing Information Represented By Audiovisual Data."  The '507 patent describes an invention that enables a user to efficiently review a large body of information by categorizing and correlating segments of information within the body of information and generating displays of segments that are related to the primary information being viewed by the user.  Interval was assigned the '507 patent and

*FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT*
*Case No. C11-716 MJP*
*Page 5 of 35*

1544610v1/011873

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA  98101-3000
Tel:  (206) 516-3880; Fax: (206) 516-3883

continues to hold all rights and interest in the '507 patent.  A true and correct copy of the '507 patent is attached hereto as Exhibit 2.

21.     Defendant AOL has infringed and continues to infringe one or more claims of the '507 patent under 35 U.S.C. § 271.  AOL operates many websites that provide articles, videos, advertisements, and other types of content to users.  In order to help users find additional content items that may be of interest, the software and hardware that operate the websites compare the available content items to determine whether they are related. When a user views a particular content item, the AOL websites generate displays of related content items so as to inform the user that the related content items may be of interest.  For example, as demonstrated by Exhibit 6, when a user views a particular news article on the AOL News website, the website displays both the article (identified by the red box) and links to other related news articles (identified by the green boxes).  Similar functionality is used by many websites that are owned and operated by AOL, including AOL Answers, Asylum, Auto Blog, Aol Autos, Big Download, BlackVoices, The Boombox, The Boot, Cambio, Cinematical, City's Best, Comics Alliance, DailyFinance, Engadget, Fanhouse, Flea Flicker, Gadling, GameDaily, Games.com, AOL Health, Holidash, Housing Watch, AOL Find a Job, Joystiq, JSYK, Aol Kids, Kitchen Daily, AOL Latino, Lemondrop, AOL Lifestream, AOL Mail, Marlo Thomas.com, Massively, MMA Fighting.com, Moviefone, AOL Music, My Daily, AOL News, NoiseCreep, Parent Dish, Patch, Paw Nation, Politics Daily, PopEater, AOL Radio, AOL Real Estate, Rented Spaces, AOL Seed, ShelterPop, AOL Shopping, Shortcut$, SHOUTcast, Slashfood, AOL Small Business, Spinner, Stylelist, Switched, AOL Television, Tourtracker, AOL Travel, Truveo, Tu-Voz, Tuaw, TV Squad, URLesque, AOL Videos, WalletPop, Winamp, and WOW.com.  Although the types of

*FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT*
*Case No. C11-716 MJP*
*Page 6 of 35*

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA  98101-3000
Tel:  (206) 516-3880; Fax: (206) 516-3883

1544610v1/011873

content (e.g., articles, videos, recipes, emails, product information, advertisements, etc.) may vary from website to website, each website performs the function described above—namely, comparing content items to determine whether they are related and displaying those related content items. The hardware and software associated with the AOL websites identified above and any other AOL websites that perform this function infringe at least claims 20, 21, 22, 23, 24, 27, 28, 31, 34, 37, 63, 64, 65, 66, 67, 70, 71, 74, 77, and 80 of the '507 patent under 35 U.S.C. § 271.

22.     Defendant AOL operates the AOL Spam Filter as part of its AOL Mail website and service. When a new email is received by AOL Mail, the hardware and software associated with the AOL Spam Filter categorize the new email as either "spam" or "not spam." The categorization is based at least in part on a comparison between the new email and other emails that have been received by AOL Mail. The hardware and software associated with the AOL Spam Filter have infringed and continue to infringe at least claims 39, 40, 43, 82, 83 and 86 of the '507 patent under 35 U.S.C. § 271.

23.     Defendant Apple has infringed and continues to infringe one or more claims of the '507 patent under 35 U.S.C. § 271. Apple operates the Apple.com store, iTunes, App Stores, and Apple TV systems, each of which provides content such as multimedia content, applications, and/or product information to users. In order to help users find additional content that may be of interest, the software and hardware that operate these systems compare the available content items to determine whether they are related. When a user views a particular content item, the Apple systems generate displays of related content items so as to inform the user that the related items may be of interest. For example, as demonstrated by Exhibit 7, when a user views a particular music album on iTunes, the

*FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT*
*Case No. C11-716 MJP*
*Page 7 of 35*

1544610v1/011873

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

iTunes system displays both the selected music album (identified by the red box) and links to other related music items (identified by the green boxes).  The hardware and software associated with the Apple websites and systems identified above and any other Apple websites and systems that perform this function infringe at least claims 20, 21, 22, 23, 24, 27, 28, 31, 34, 37, 63, 64, 65, 66, 67, 70, 71, 74, 77, and 80 of the '507 patent under 35 U.S.C. § 271.

24.    Defendant eBay has infringed and continues to infringe one or more claims of the '507 patent under 35 U.S.C. § 271.  eBay operates the eBay.com and Half.com websites, which provide content such as product listings and advertisements to users.  In order to help users find additional content that may be of interest, the software and hardware that operate these websites compare the available content items to determine whether they are related.  When a user views a particular content item, the eBay.com and Half.com websites generate displays of related content items so as to inform the user that the related items may be of interest.  For example, as demonstrated by Exhibit 8, when a user views a particular product listing on eBay.com, the eBay.com website displays both the selected product information (identified by the orange box) and links to other related products (identified by the green boxes).  The hardware and software associated with the eBay websites identified above and any other eBay websites that perform this function infringe at least claims 20, 21, 22, 23, 24, 27, 28, 31, 34, 37, 63, 64, 65, 66, 67, 70, 71, 74, 77, and 80 of the '507 patent under 35 U.S.C. § 271.

25.    Defendant Facebook has infringed and continues to infringe one or more claims of the '507 patent under 35 U.S.C. § 271.  Facebook operates the Facebook.com website, which provides content such as profile information, photos, event information, and

*FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT*
*Case No. C11-716 MJP*
*Page 8 of 35*

1544610v1/011873

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA  98101-3000
Tel:  (206) 516-3880; Fax: (206) 516-3883

messages to users.  In order to help users find additional content that may be of interest, the software and hardware that operate this website compare the available content items to determine whether they are related.  When a user views a particular content item, the Facebook.com website generates a display of related content items so as to inform the user that the related items may be of interest.  For example, as demonstrated by Exhibit 9, when a user views a particular photo page on Facebook.com, the Facebook.com website displays both the selected photo information (identified by the red box) and links to other related photos (identified by the green boxes).  Another example of infringing functionality is demonstrated by user profile pages, which display photos and profiles of other users that are related to the profile being viewed.  The hardware and software associated with the Facebook.com website that perform this function infringe at least claims 20, 21, 22, 23, 24, 27, 28, 31, 34, 37, 63, 64, 65, 66, 67, 70, 71, 74, 77, and 80 of the '507 patent under 35 U.S.C. § 271.

26.     Defendant Google has infringed and continues to infringe one or more claims of the '507 patent under 35 U.S.C. § 271.  Google operates many websites that provide articles, videos, advertisements, and other types of content to users.  In order to help users find additional content items that may be of interest, the software and hardware that operate the websites compare the available content items to determine whether they are related. When a user views a particular content item, the Google websites generate displays of related content items so as to inform the user that the related content items may be of interest.  For example, as demonstrated by Exhibit 10, when a user views a particular piece of financial information on the Google Finance website, the website displays both the selected financial information (identified by the red box) and links to other related financial

*FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT*
*Case No. C11-716 MJP*
*Page 9 of 35*

1544610v1/011873

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA  98101-3000
Tel:  (206) 516-3880; Fax: (206) 516-3883

information, articles, and advertisements (identified by the green boxes). Similar functionality is used by many websites that are owned and operated by Google, including Boutiques.com, Google Products, Gmail, Google Books, Google Finance, Google Videos, Google Knol, Google Groups, Google Desktop, Google Maps, Orkut, and Google Search. Although the types of content (e.g., articles, videos, financial information, emails, product information, advertisements, etc.) may vary from website to website, each website performs the function described above—namely, comparing content items to determine whether they are related and displaying those related content items. The hardware and software associated with the Google websites identified above and any other Google websites that perform this function infringe at least claims 20, 21, 22, 23, 24, 27, 28, 31, 34, 37, 38, 63, 64, 65, 66, 67, 70, 71, 74, 77, 80 and 81 of the '507 patent under 35 U.S.C. § 271.

27.     Defendant Google operates the Google AdSense and Google Display Network systems that provide contextual advertisements to third party publishers. In order to help users find advertisements that may be of interest, Google's hardware and software compare the content on the third party publishers' websites to advertisements to determine whether they are related. When a user views a particular content item on a third party publisher's website, related Google advertisements are also provided to the user. For example, as demonstrated by Exhibit 11, when a user views an article on the About.com website (identified by the red box), the user also receives related Google advertisements (identified by the green boxes). The hardware and software associated with the Google AdSense and Google Display Network systems have infringed and continue to infringe at least claims 20, 21, 22, 24, 27, 28, 31, 34, 37, 63, 64, 65, 67, 70, 71, 74, 77, and 80 of the '507 patent under 35 U.S.C. § 271.

*FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT*
*Case No. C11-716 MJP*
*Page 10 of 35*

1544610v1/011873

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

28.     Defendant Google operates the Gmail Spam Filter as part of its Gmail website and service.  When a new email is received by Gmail, the hardware and software associated with the Gmail Spam Filter categorize the new email as either "spam" or "not spam."  The categorization is based at least in part on a comparison between the new email and other emails that have been received by Gmail.  The hardware and software associated with the Gmail Spam Filter have infringed and continue to infringe at least claims 39, 40, 43, 82, 83 and 86  of the '507 patent under 35 U.S.C. § 271.

29.     Defendant Google operates an automated book classification system as part of its Google Books website and service.  When new book information is received by Google, the hardware and software associated with the Google Books classification system indexes and categorizes the book.  The categorization is based at least in part on a comparison between the new book information and information related to other books that have been indexed and categorized by Google Books.  The hardware and software associated with the book classification system have infringed and continue to infringe at least claims 39, 40, 43, 82, 83 and 86 of the '507 patent under 35 U.S.C. § 271.

30.     Defendant Netflix has infringed and continues to infringe one or more claims of the '507 patent under 35 U.S.C. § 271.  Netflix operates the Netflix.com website, which provides content such as movie and television show information to users.  In order to help users find additional content that may be of interest, the software and hardware that operate this website compare the available content items to determine whether they are related.  When a user views a particular content item, the Netflix.com website generates a display of related content items so as to inform the user that the related items may be of interest.  For example, as demonstrated by Exhibit 12, when a user views a movie page on Netflix.com,

*FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT*
*Case No. C11-716 MJP*
*Page 11 of 35*

1544610v1/011873

S U S M A N   G O D F R E Y   L . L . P .
1201 Third Avenue, Suite 3800
Seattle, WA  98101-3000
Tel:  (206) 516-3880; Fax: (206) 516-3883

the Netflix.com website displays both the selected movie information (identified by the red box) and links to other related movies (identified by the green boxes). The hardware and software associated with the Netflix.com website that perform this function infringe at least claims 20, 21, 22, 23, 24, 27, 28, 31, 34, 37, 63, 64, 65, 66, 67, 70, 71, 74, 77, and 80 of the '507 patent under 35 U.S.C. § 271.

31.     Defendant Office Depot has infringed and continues to infringe one or more claims of the '507 patent under 35 U.S.C. § 271. Office Depot operates websites such as OfficeDepot.com and TechDepot.com that provide content such as product information to users. In order to help users find additional content that may be of interest, the software and hardware that operate these websites compare the available content items to determine whether they are related. When a user views a particular content item, the Office Depot websites generate displays of related content items so as to inform the user that the related items may be of interest. For example, as demonstrated by Exhibit 13, when a user views a product page on OfficeDepot.com, the OfficeDepot.com website displays both the selected product information (identified by the red box) and links to other related products (identified by the green boxes). The hardware and software associated with the Office Depot websites identified above and any other Office Depot websites that perform this function infringe at least claims 20, 21, 22, 23, 24, 27, 28, 31, 34, 37, 63, 64, 65, 66, 67, 70, 71, 74, 77, and 80 of the '507 patent under 35 U.S.C. § 271.

32.     Defendant OfficeMax has infringed and continues to infringe one or more claims of the '507 patent under 35 U.S.C. § 271. OfficeMax operates websites such as

*FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT*
*Case No. C11-716 MJP*
*Page 12 of 35*

1544610v1/011873

S U S M A N   G O D F R E Y   L . L . P .
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

OfficeMax.com[1] that provide content such as product information to users.  In order to help users find additional content that may be of interest, the software and hardware that operate these websites compare the available content items to determine whether they are related. When a user views a particular content item, the Office Depot websites generate displays of related content items so as to inform the user that the related items may be of interest.  For example, as demonstrated by Exhibit 14, when a user views a product page on OfficeMax.com, the OfficeMax.com website displays both the selected product information (identified by the red box) and links to other related products (identified by the green boxes). The hardware and software associated with the OfficeMax websites identified above and any other OfficeMax websites that perform this function infringe at least claims 20, 21, 22, 23, 24, 27, 28, 31, 34, 37, 63, 64, 65, 66, 67, 70, 71, 74, 77, and 80 of the '507 patent under 35 U.S.C. § 271.

33.   Defendant Staples has infringed and continues to infringe one or more claims of the '507 patent under 35 U.S.C. § 271.  Staples operates websites such as Staples.com[2] that provide content such as product information to users.  In order to help users find additional content that may be of interest, the software and hardware that operate these websites compare the available content items to determine whether they are related.  When a user views a particular content item, the Staples websites generate displays of related content items so as to inform the user that the related items may be of interest.  For example, as demonstrated by Exhibit 15, when a user views a product page on Staples.com, the

---

[1] OfficeMax operates a number of websites that are not open to the general public, including maxbuyer.officemax.com, government.officemax.com, and officemaxsolutions.com.  To the extent other OfficeMax websites comprise the accused functionality, they infringe the '507 patent as well.

*FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT*
*Case No. C11-716 MJP*
*Page 13 of 35*

1544610v1/011873

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA  98101-3000
Tel:  (206) 516-3880; Fax: (206) 516-3883

Staples.com website displays both the selected product information (identified by the red box) and links to other related products (identified by the green boxes). The hardware and software associated with the Staples websites identified above and any other Staples websites that perform this function infringe at least claims 20, 21, 22, 23, 24, 27, 28, 31, 34, 37, 63, 64, 65, 66, 67, 70, 71, 74, 77, and 80 of the '507 patent under 35 U.S.C. § 271.

34.    Defendant Yahoo has infringed and continues to infringe one or more claims of the '507 patent under 35 U.S.C. § 271. Yahoo operates many websites that provide articles, videos, advertisements, and other types of content to users. In order to help users find additional content items that may be of interest, the software and hardware that operate the websites compare the available content items to determine whether they are related. When a user views a particular content item, the Yahoo websites generate displays of related content items so as to inform the user that the related content items may be of interest. For example, as demonstrated by Exhibit 16, when a user views a particular article on the Yahoo Finance website, the website displays both the article (identified by the red box) and related stock information, advertisements, articles, blog posts, and message boards (identified by the green boxes). Similar functionality is used by many websites that are owned and operated by Yahoo, including Flickr, Hotjobs, Rivals, Yahoo Advertising, Yahoo Alerts, Yahoo Auto, Yahoo Avatar, Yahoo Biz, Yahoo Bookmarks, Yahoo Buzz, Yahoo Education, Yahoo Entertainment, Yahoo Events, Yahoo Finance, Yahoo Games, Yahoo Green, Yahoo Groups, Yahoo Health, Yahoo Kids, Yahoo Lifestyle, Yahoo Maps, Yahoo Mail, Yahoo Mobile, Yahoo Movies, Yahoo Music, My Yahoo, Yahoo News, Yahoo OMG!, Yahoo People,

---

[2] Staples operates a number of websites that are not open to the general public, including eway.com, stapleslink.com, and staples4government.com. To the extent other Staples websites comprise the accused functionality, they infringe the '507 patent as well.

FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT
Case No. C11-716 MJP
Page 14 of 35

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

1544610v1/011873

Yahoo Pulse, Yahoo Real Estate, Yahoo Shine, Yahoo Shopping, Yahoo Small Business, Yahoo Sports, Yahoo Travel, Yahoo TV, Yahoo Video, Yahoo Video Games, Yahoo Weather, Yahoo Widgets, Yahoo Answers, and Yahoo Local.  Although the types of content (e.g., articles, videos, financial information, job postings, emails, product information, advertisements, etc.) may vary from website to website, each website performs the function described above—namely, comparing content items to determine whether they are related and displaying those related content items.  The hardware and software associated with the Yahoo websites identified above and any other Yahoo websites that perform this function infringe at least claims 20, 21, 22, 23, 24, 27, 28, 31, 34, 37, 63, 64, 65, 66, 67, 70, 71, 74, 77, and 80  of the '507 patent under 35 U.S.C. § 271.

35.    Defendant Yahoo operates the Content Match for Yahoo Search Marketing and Yahoo Advertising Solutions systems that provide contextual advertisements to third party publishers.  In order to help users find advertisements that may be of interest, Yahoo compares the content on the third party publishers' websites to advertisements to determine whether they are related.  When a user views a particular content item on a third party publisher's website, related Yahoo advertisements are also provided to the user.  For example, as demonstrated by Exhibit 17, when a user views a product on the Buy.com website (identified by the red box), the user also receives related Yahoo advertisements (identified by the green box).  The hardware and software associated with the Yahoo Content Match and Yahoo Advertising Solutions systems have infringed and continue to infringe at least claims 20, 21, 22, 24, 27, 28, 31, 34, 37, 63, 64, 65, 67, 70, 71, 74, 77, and 80 of the '507 patent under 35 U.S.C. § 271.

*FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT*
*Case No. C11-716 MJP*
*Page 15 of 35*

1544610v1/011873

S U S M A N   G O D F R E Y   L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA  98101-3000
Tel:  (206) 516-3880; Fax: (206) 516-3883

36.     Defendant Yahoo operates the Yahoo SpamGuard as part of its Yahoo Mail website and service.   When a new email is received by Yahoo Mail, the hardware and software associated with the Yahoo SpamGuard categorize the new email as either "spam" or "not spam."  The categorization is based at least in part on a comparison between the new email and other emails that have been received by Yahoo Mail.  The hardware and software associated with the Yahoo SpamGuard have infringed and continue to infringe at least claims 39, 40, 43, 82, 83 and 86 of the '507 patent under 35 U.S.C. § 271.

37.     Defendant YouTube has infringed and continues to infringe one or more claims of the '507 patent under 35 U.S.C. § 271.   YouTube operates the YouTube.com website, which provides content such as videos and advertisements to users.  In order to help users find additional content that may be of interest, the software and hardware that operate this website compare the available content items to determine whether they are related. When a user views a particular content item, the YouTube.com website generates a display of related content items so as to inform the user that the related items may be of interest. For example, as demonstrated by Exhibit 18, when a user views a video page on YouTube.com, the YouTube.com website displays both the selected video information (identified by the red box) and links to other related videos and advertisements (identified by the green boxes).  The hardware and software associated with the YouTube.com website that perform this function infringe at least claims 20, 21, 22, 23, 24, 27, 28, 31, 34, 37, 63, 64, 65, 66, 67, 70, 71, 74, 77, and 80 of the '507 patent under 35 U.S.C. § 271.

38.     Defendants AOL, Apple, eBay, Facebook, Google, Netflix, Office Depot, OfficeMax, Staples, Yahoo, and YouTube's acts of infringement have caused damage to Interval, and Interval is entitled to recover from Defendants the damages sustained by

*FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT*
*Case No. C11-716 MJP*
*Page 16 of 35*

1544610v1/011873

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA  98101-3000
Tel:  (206) 516-3880; Fax: (206) 516-3883

Interval as a result of Defendants' wrongful acts in an amount subject to proof at trial. Defendants' infringement of Interval's exclusive rights under the '507 patent will continue to damage Interval, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.  Interval reserves the right to allege, after discovery, that Defendants' infringement is willful and deliberate, entitling Interval to increased damages under 35 U.S.C. § 284 and to attorney's fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## INFRINGEMENT OF U.S. PATENT NO. 6,034,652

39.     On March 7, 2000, United States Patent No. 6,034,652 ("the '652 patent") was duly and legally issued for an invention entitled "Attention Manager for Occupying the Peripheral Attention of a Person in the Vicinity of a Display Device."  The '652 patent describes an invention that enables information to be provided to a user in an unobtrusive manner that does not distract the user from his primary interaction with an apparatus such as, for example, a computer or television.  The '652 patent is related to United States Patent No. 6,788,314, which is described in further detail below.  Interval was assigned the '652 patent and continues to hold all rights and interest in the '652 patent.  A true and correct copy of the '652 patent is attached hereto as Exhibit 3.

40.     Defendant AOL has infringed and continues to infringe at least claims 4, 5, 8, 11, 17, and 18 of the '652 patent under 35 U.S.C. § 271 by making, using, distributing, and encouraging customers to use the AOL Instant Messenger and Lifestream software.  The AOL Instant Messenger software infringes by displaying information including, e.g., email and "Buddy List" alerts, to a user in an unobtrusive manner that occupies the peripheral attention of the user.  For example, as demonstrated by Exhibit 19, when a buddy's status

*FIRST AMENDED COMPLAINT FOR PATENT
INFRINGEMENT*
*Case No. C11-716 MJP*
*Page 17 of 35*

1544610v1/011873

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA  98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

changes, the AOL Instant Messenger software displays a pop-up notification in the lower right corner of the screen for a short period of time. As demonstrated in Exhibit 20, the Lifestream software infringes by displaying information including, e.g., recent social network and YouTube content, to a user in an unobtrusive manner that occupies the peripheral attention of the user.

41.    Defendant Apple has infringed and continues to infringe at least claims 4, 5, 8, 11, 15, 16, and 18 of the '652 patent under 35 U.S.C. § 271 by making, using, selling, distributing, and encouraging customers to use computers containing Apple Dashboard and the associated widgets software. Apple Dashboard and the associated widgets software infringes by displaying information to a user in an unobtrusive manner that occupies the peripheral attention of the user. For example, as demonstrated by Exhibit 21, Apple Dashboard creates a transparent overlay that includes information such as weather and sports scores. As described by Apple:

> With a single click, Dashboard appears, complete with widgets that bring you a world of information — real-time weather, stock tickers, flight information, and more — instantly. Dashboard disappears just as easily, so you can get back to what you were doing.

> http://www.apple.com/macosx/what-is-macosx/apps-and-utilities.html

42.    Defendant Google has infringed and continues to infringe at least claims 4, 5, 8, 11, 15, 16, 17, and 18 of the '652 patent under 35 U.S.C. § 271 by making, using, distributing, and encouraging customers to use the Gmail Notifier, Google Talk, and Google Talk Labs Edition software. The Gmail Notifier, Google Talk, and Google Talk Labs Edition software infringes by displaying information including, e.g., email and/or "friend" status alerts, to a user in an unobtrusive manner that occupies the peripheral attention of the user. For example, as demonstrated by Exhibit 22, when a user receives a new email, the

*FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT*
*Case No. C11-716 MJP*
*Page 18 of 35*

1544610v1/011873

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

Google Talk Labs Edition software displays a pop-up notification in the lower right corner of the screen for a short period of time.

43.     Defendant Google has infringed and continues to infringe at least claims 4, 5, 6, 7, 8, 11, 15, 16, and 18 of the '652 patent under 35 U.S.C. § 271 by making, using, distributing, and encouraging customers to use Google Desktop and the associated gadgets software.  Google Desktop and the associated gadgets software infringes by displaying information to a user in an unobtrusive manner that occupies the peripheral attention of the user.  For example, as demonstrated by Exhibit 23, Google Desktop creates an unobtrusive sidebar that includes information such as news, photos, stock quotes, and YouTube videos.

44.     Defendant Google has infringed and continues to infringe at least claims 4, 8, 11, 15, 16, 17, and 18 of the '652 patent under 35 U.S.C. § 271 by making, using, selling, distributing, and encouraging customers to use devices containing the Android Operating System and associated software such as Text Messaging, Google Talk, Google Voice, and Calendar.  Devices containing the Android Operating System and associated software infringe by displaying information including, e.g., text messages, Google Voice messages, chat messages, and calendar events, to a user of a mobile device in an unobtrusive manner that occupies the peripheral attention of the user.  For example, as demonstrated by Exhibit 24, when a user receives a new Google Voice message, the Android Operating System and Google Voice software display a notification in the status bar screen for a short period of time.

45.     Defendant Yahoo has infringed and continues to infringe at least claims 4, 5, 8, 11, 17, and 18 of the '652 patent under 35 U.S.C. § 271 by making, using, distributing, and encouraging customers to use the Yahoo Messenger software.  The Yahoo Messenger

*FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT*
*Case No. C11-716 MJP*
*Page 19 of 35*

1544610v1/011873

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA  98101-3000
Tel:  (206) 516-3880; Fax: (206) 516-3883

software infringes by displaying information including, e.g., email and/or "friend" status alerts, to a user in an unobtrusive manner that occupies the peripheral attention of the user. For example, as demonstrated by Exhibit 25, when a friend's status changes, the Yahoo Messenger software displays a pop-up notification in the lower right corner of the screen for a short period of time.

46.    Defendant Yahoo has infringed and continues to infringe at least claims 4, 5, 6, 8, 11, 15, 16, and 18 of the '652 patent under 35 U.S.C. § 271 by making, using, distributing, and encouraging customers to use Yahoo Widgets and the associated widgets software.  Yahoo Widgets and the associated widgets software infringes by displaying information to a user in an unobtrusive manner that occupies the peripheral attention of the user.  For example, as demonstrated by Exhibit 26, Yahoo Widgets creates unobtrusive sidebars that include information such as news, photos, stock quotes, and weather information.

47.    Defendant Yahoo has infringed and continues to infringe at least claims 4, 5, and 15 of the '652 patent under 35 U.S.C. § 271 by making, using, selling, distributing, and encouraging customers to use Yahoo Connected TV and the associated widgets software. Yahoo Connected TV and the associated widgets software infringes by displaying information to a user in an unobtrusive manner that occupies the peripheral attention of the user.  For example, as demonstrated by Exhibit 27, Yahoo Connected TV and the Yahoo News widget create an unobtrusive sidebar that displays recent news headlines.

48.    Defendants AOL, Apple, Google, and Yahoo's acts of infringement have caused damage to Interval, and Interval is entitled to recover from Defendants the damages sustained by Interval as a result of Defendants' wrongful acts in an amount subject to proof

*FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT*
*Case No. C11-716 MJP*
*Page 20 of 35*

1544610v1/011873

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA  98101-3000
Tel:  (206) 516-3880; Fax: (206) 516-3883

at trial.  Defendants' infringement of Interval's exclusive rights under the '652 patent will continue to damage Interval, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.  Interval reserves the right to allege, after discovery, that Defendants' infringement is willful and deliberate, entitling Interval to increased damages under 35 U.S.C. § 284 and to attorney's fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## INFRINGEMENT OF U.S. PATENT NO. 6,788,314

49.     On September 7, 2004, United States Patent No. 6,788,314 ("the '314 patent") was duly and legally issued for an invention entitled "Attention Manager for Occupying the Peripheral Attention of a Person in the Vicinity of a Display Device."  The '314 patent, which is related to the '652 patent, also describes an invention that enables information to be provided to a user in an unobtrusive manner that does not distract the user from his primary interaction with an apparatus such as, for example, a computer or television.  Interval was assigned the '314 patent and continues to hold all rights and interest in the '314 patent.  A true and correct copy of the '314 patent is attached hereto as Exhibit 4.

50.     Defendant AOL has infringed and continues to infringe at least claims 1, 3, 7, 9, 10, 12, 13, and 15 of the '314 patent under 35 U.S.C. § 271 by making, using, distributing, and encouraging customers to use the AOL Instant Messenger and Lifestream software and by making and using the hardware and software that operate the AOL Instant Messenger and Lifestream system infrastructure.  AOL's infringement of the '314 patent results from substantially the same activities as its infringement of the '652 patent, described above in ¶ 40.

*FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT*
*Case No. C11-716 MJP*
*Page 21 of 35*

1544610v1/011873

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA  98101-3000
Tel:  (206) 516-3880; Fax: (206) 516-3883

51.     Defendant Apple has infringed and continues to infringe at least claims 1, 3, 7, 9, 10, 12, 13, and 15 of the '314 patent under 35 U.S.C. § 271 by making, using, selling, distributing, and encouraging customers to use computers containing Apple Dashboard and the associated widgets software and by making and using the hardware and software that operate the Apple Dashboard system infrastructure. Apple's infringement of the '314 patent results from substantially the same activities as its infringement of the '652 patent, described above in ¶ 41.

52.     Defendant Google has infringed and continues to infringe at least claims 1, 3, 7, 9, 10, 12, 13, and 15 of the '314 patent under 35 U.S.C. § 271 by making, using, distributing, and encouraging customers to use Google Talk, and Google Talk Labs Edition software and by making and using the hardware and software that operate the Google Talk and Google Talk Labs Edition system infrastructure.  Google's infringement of the '314 patent that relates to Google Talk and Google Talk Labs Edition results from substantially the same activities as its infringement of the '652 patent, described above in ¶ 42.

53.     Defendant Google has infringed and continues to infringe at least claims 1, 3, 7, 9, 10, 12, 13, and 15 of the '314 patent under 35 U.S.C. § 271 by making, using, distributing, and encouraging customers to use Google Desktop and the associated gadgets software and by making and using the hardware and software that operate the Google Desktop infrastructure.  Google's infringement of the '314 patent that relates to Google Desktop results from substantially the same activities as its infringement of the '652 patent, described above in ¶ 43.

54.     Defendant Google has infringed and continues to infringe at least claims 1, 3, 7, 9, 10, 12, 13, and 15 of the '314 patent under 35 U.S.C. § 271 by making, using, selling,

*FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT*
*Case No. C11-716 MJP*
*Page 22 of 35*

1544610v1/011873

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA  98101-3000
Tel:  (206) 516-3880; Fax: (206) 516-3883

distributing, and encouraging customers to use devices containing the Android Operating System and associated software such as Text Messaging, Google Talk, Google Voice, and Calendar, and by making and using the hardware and software that operate the Android and Android Market infrastructure.  Google's infringement of the '314 patent that relates to Android results from substantially the same activities as its infringement of the '652 patent, described above in ¶ 44.

55.    Defendant Yahoo has infringed and continues to infringe at least claims 1, 3, 7, 9, 10, 12, 13, and 15 of the '314 patent under 35 U.S.C. § 271 by making, using, distributing, and encouraging customers to use the Yahoo Messenger software and by making and using the hardware and software that operate the Yahoo Messenger infrastructure.  Yahoo's infringement of the '314 patent that relates to Yahoo Messenger results from substantially the same activities as its infringement of the '652 patent, described above in ¶ 45.

56.    Defendant Yahoo has infringed and continues to infringe at least claims 1, 3, 7, 9, 10, 12, 13, and 15 of the '314 patent under 35 U.S.C. § 271 by making, using, distributing, and encouraging customers to use Yahoo Widgets and the associated widgets software and by making and using the hardware and software that operate the Yahoo Widgets infrastructure.  Yahoo's infringement of the '314 patent that relates to Yahoo Widgets results from substantially the same activities as its infringement of the '652 patent, described above in ¶ 46.

57.    Defendant Yahoo has infringed and continues to infringe at least claims 1, 2, 3, 4, 7, 8, 10, 11, 13, and 14 of the '314 patent under 35 U.S.C. § 271 by making, using, selling, distributing, and encouraging customers to use Yahoo Connected TV and the

*FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT*
*Case No. C11-716 MJP*
*Page 23 of 35*

1544610v1/011873

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA  98101-3000
Tel:  (206) 516-3880; Fax: (206) 516-3883

associated widgets software and by making and using the hardware and software that operate the Yahoo Connected TV infrastructure.  Yahoo's infringement of the '314 patent that relates to Yahoo Connected TV results from substantially the same activities as its infringement of the '652 patent, described above in ¶ 47.

58.     Defendants AOL, Apple, Google, and Yahoo's acts of infringement have caused damage to Interval, and Interval is entitled to recover from Defendants the damages sustained by Interval as a result of Defendants' wrongful acts in an amount subject to proof at trial.  Defendants' infringement of Interval's exclusive rights under the '314 patent will continue to damage Interval, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.  Interval reserves the right to allege, after discovery, that Defendants' infringement is willful and deliberate, entitling Interval to increased damages under 35 U.S.C. § 284 and to attorney's fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

### INFRINGEMENT OF U.S. PATENT NO. 6,757,682

59.     On June 29, 2004, United States Patent No. 6,757,682 ("the '682 patent") was duly and legally issued for an invention entitled "Alerting Users to Items of Current Interest."  The '682 patent describes a system that receives indications from users that online content is of current interest, processes the indications, and alerts other users of the interesting content.  Interval was assigned the '682 patent and continues to hold all rights and interest in the '682 patent.  A true and correct copy of the '682 patent is attached hereto as Exhibit 5.

60.     Defendant AOL has infringed and continues to infringe one or more claims of the '682 patent under 35 U.S.C. § 271.  AOL operates the AOL Shopping website, which

*FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT*
*Case No. C11-716 MJP*
*Page 24 of 35*

1544610v1/011873

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA  98101-3000
Tel:  (206) 516-3880; Fax: (206) 516-3883

provides product recommendations to users.  The determination of which products are to be recommended is based at least in part on other users' activities, including, for example, viewing, rating, reviewing, sharing, or buying products.  For example, as demonstrated by Exhibit 28, the AOL Shopping website alerts users of products that they might also like. Exhibit 28 also demonstrates how users may perform activities (e.g., reviewing, rating or purchasing products) that can be used to generate recommendations for other users.  The hardware and software associated with the AOL Shopping website that perform this function infringe at least claims 1, 2, 3, 4, 5, 6, 7, 8, 9, 11, 12, 13, 16, 17, and 20 of the '682 patent under 35 U.S.C. § 271.

61.     Defendant Apple has infringed and continues to infringe one or more claims of the '682 patent under 35 U.S.C. § 271.  Apple operates iTunes, the App Stores, and Apple TV, each of which provides content recommendations to users.  The determination of which content is to be recommended is based at least in part on other users' activities, including, for example, viewing, rating, reviewing, or purchasing content items.  For example, as demonstrated by Exhibit 29, iTunes alerts users of content items that "Viewers Also Bought."  Exhibit 29 also demonstrates how users may perform activities (e.g., reviewing, rating, buying, or renting content items) that can be used to generate recommendations for other users.  The hardware and software associated with iTunes, the App Stores, and Apple TV that perform this function infringe at least claims 1, 2, 3, 4, 5, 6, 7, 8, 9, 11, 12, 13, 16, 17, and 20 of the '682 patent under 35 U.S.C. § 271.

62.     Apple operates iTunes Ping, which alerts users of content and activity within iTunes and the Ping community.  The determination of which content and activity is to be provided to the user is based at least in part on the other users' activities, including, for

*FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT*
*Case No. C11-716 MJP*
*Page 25 of 35*

1544610v1/011873

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA  98101-3000
Tel:  (206) 516-3880; Fax: (206) 516-3883

example, posting content or "liking" or commenting on content or activity.  For example, as demonstrated by Exhibit 30, Ping alerts users of some of the available content or activity within the Ping community via the "Recent Activity" feed.  Exhibit 30 also demonstrates how users may perform activities (e.g., posting, "liking," or commenting) that can be used to determine which content and activity appears in the "Recent Activity" feeds of other users. The hardware and software associated with Ping that perform this function infringe at least claims 1, 2, 3, 4, 5, 7, 8, 9, 16, 17, and 20 of the '682 patent under 35 U.S.C. § 271.

63.    Defendant eBay has infringed and continues to infringe one or more claims of the '682 patent under 35 U.S.C. § 271.  eBay operates the eBay.com and Half.com websites, which provides product recommendations to users.  The determination of which products are to be recommended is based at least in part on other users' activities, including, for example, viewing, "watching," rating, or buying products, or reviewing sellers.  For example, as demonstrated by Exhibit 31, the eBay.com website alerts users of products that they may also be interested by putting the products in the "Check out the most watched" section.  Exhibit 31 also demonstrates how users may perform activities (e.g., buying or "watching" items) that can be used to generate recommendations for other users.  The hardware and software associated with the eBay websites identified above and any other eBay websites that perform this function infringe at least claims 1, 2, 3, 4, 5, 6, 7, 8, 9, 11, 12, 13, 16, 17, and 20 of the '682 patent under 35 U.S.C. § 271.

64.    Defendant Facebook has infringed and continues to infringe one or more claims of the '682 patent under 35 U.S.C. § 271.  Facebook operates the Facebook.com website, which alerts users of content and activity of other Facebook users.  The determination of which content and activity is to be provided to the user is based at least in

*FIRST AMENDED COMPLAINT FOR PATENT
INFRINGEMENT*
*Case No. C11-716 MJP*
*Page 26 of 35*

1544610v1/011873

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA  98101-3000
Tel:  (206) 516-3880; Fax: (206) 516-3883

part on the other users' activities including, for example, sharing content or "liking" or commenting on content or activity.  For example, as demonstrated by Exhibit 32, Facebook alerts users of some of the available content via the "News Feed."  Exhibit 32 also demonstrates how users may perform activities (e.g., sharing, "liking," or commenting) that can be used to determine which content and activity appears in the "News Feeds" of other users.  The Facebook.com website also alerts users of other users with whom they may wish to become friends.  The determination of which users to recommend is based at least in part on the other users' activities including, for example, befriending users, joining networks, and providing profile information.   The hardware and software associated with the Facebook.com website that perform the above-described functions infringe at least claims 1, 2, 3, 4, 5, 6, 7, 8, 9, 11, 12, 13, 16, 17, and 20 of the '682 patent under 35 U.S.C. § 271.

65.    Defendant Google has infringed and continues to infringe one or more claims of the '682 patent under 35 U.S.C. § 271.   Google operates multiple websites that recommend content such as blogs, news stories, products, and articles, to users.   The determination of which content is to be recommended is based at least in part on other users' activities, including, for example, viewing, "starring," sharing, or commenting on the content.   For example, as demonstrated by Exhibit 33, the Google Reader website alerts users of online articles or blog postings that they may be interested in.   Exhibit 33 also demonstrates how users may perform activities (e.g., "starring," "liking," or sharing) that can be used to generate recommendations for other users.   Similar functionality is used by many websites that are owned and operated by Google, including Google Blog Search, Google Knol, Google News, and Google Products.   Although the types of content (e.g., blogs, Knol articles, news articles, and products, etc.) and the types of user activities that are

*FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT*
*Case No. C11-716 MJP*
*Page 27 of 35*

1544610v1/011873

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA  98101-3000
Tel:  (206) 516-3880; Fax: (206) 516-3883

used to generate alerts (e.g., viewing, "starring," "liking," etc.) may vary from website to website, each website performs the function described above.  The hardware and software associated with the Google websites identified above and any other Google websites that perform this function infringe at least claims 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 16, 17, and 20 of the '682 patent under 35 U.S.C. § 271.

66.     Google operates the Google Buzz system, which alerts users of content and activity of other Google Buzz users.  The determination of which content and activity is to be provided to the user is based at least in part on the other users' activities including, for example, sharing content or "liking" or commenting on content or activity.  For example, as demonstrated by Exhibit 34, Google alerts users of some of the available content via the Buzz feed.  Exhibit 34 also demonstrates how users may perform activities (e.g., sharing, "liking," or commenting) that can be used to determine which content and activity appears in the Buzz feeds of other users.  The hardware and software associated with the Google Buzz system that perform the above-described functions infringe at least claims 1, 2, 3, 4, 5, 7, 8, 16, 17, and 20 of the '682 patent under 35 U.S.C. § 271.

67.     Google operates the Orkut.com website, which alerts users of other users with whom they may wish to become friends.  The determination of which users to recommend is based at least in part on the other users' activities including, for example, befriending users, joining communities, and updating profile information.  The hardware and software associated with the Orkut.com website that perform the above-described functions infringe at least claims 1, 2, 3, 4, 5, 7, 8, 16, 17, and 20 of the '682 patent under 35 U.S.C. § 271.

*FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT*
*Case No. C11-716 MJP*
*Page 28 of 35*

1544610v1/011873

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA  98101-3000
Tel:  (206) 516-3880; Fax: (206) 516-3883

68.     Defendant Netflix has infringed and continues to infringe one or more claims of the '682 patent under 35 U.S.C. § 271.  Netflix operates the Netflix.com website, which provides movie and television show recommendations to users.  The determination of which media items are to be recommended is based at least in part on other users' activities, including, for example, viewing, "watching," or buying products, or reviewing sellers.  For example, as demonstrated by Exhibit 35, the Netflix.com website alerts users of movies and television shows that they may also be interested by putting the products in the "Movie's You'll ♥" section.  Exhibit 35 also demonstrates how users may perform activities (e.g., watching, rating, or selecting "not interested") that can be used to generate recommendations for other users.   The hardware and software associated with the Netflix.com website that perform this function infringe at least claims 1, 2, 3, 4, 5, 6, 7, 8, 9, 11, 12, 13, 16, 17, and 20 of the '682 patent under 35 U.S.C. § 271.

69.     Defendant Office Depot has infringed and continues to infringe one or more claims of the '682 patent under 35 U.S.C. § 271.   Office Depot operates the OfficeDepot.com and TechDepot.com websites, which provide product recommendations to users.  The determination of which products are to be recommended is based at least in part on other users' activities, including, for example, viewing, rating, reviewing, or buying products.  For example, as demonstrated by Exhibit 36, the OfficeDepot.com website alerts users of products that they may also be interested in.  Exhibit 36 also demonstrates how users may perform activities (e.g., reviewing or adding products to their shopping carts or shopping lists) that can be used to generate recommendations for other users.  The hardware and software associated with the Office Depot websites identified above and any other

*FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT*
*Case No. C11-716 MJP*
*Page 29 of 35*

1544610v1/011873

S U S M A N   G O D F R E Y   L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA  98101-3000
Tel:  (206) 516-3880; Fax: (206) 516-3883

Office Depot websites that perform this function infringe at least claims 1, 2, 3, 4, 5, 6, 7, 8, 9, 11, 12, 13, 16, 17, and 20 of the '682 patent under 35 U.S.C. § 271.

70.     Defendant OfficeMax has infringed and continues to infringe one or more claims of the '682 patent under 35 U.S.C. § 271.   OfficeMax operates websites such as OfficeMax.com,[3] which provides product recommendations to users.  The determination of which products are to be recommended is based at least in part on other users' activities, including, for example, viewing, rating, reviewing, or buying products.  For example, as demonstrated by Exhibit 37, the OfficeMax.com website alerts users of products that they may also be interested in.  Exhibit 37 also demonstrates how users may perform activities (e.g., reviewing or adding products to their shopping carts or "Favorites") that can be used to generate recommendations for other users.  The hardware and software associated with the OfficeMax websites identified above and any other OfficeMax websites that perform this function infringe at least claims 1, 2, 3, 4, 5, 6, 7, 8, 9, 11, 12, 13, 16, 17, and 20 of the '682 patent under 35 U.S.C. § 271.

71.     Defendant Staples has infringed and continues to infringe one or more claims of the '682 patent under 35 U.S.C. § 271.  Staples operates websites such as Staples.com,[4] which provides product recommendations to users.  The determination of which products are to be recommended is based at least in part on other users' activities, including, for example, viewing, rating, reviewing, or buying products.  For example, as demonstrated by Exhibit 38, the Staples.com website alerts users of products that they may also be interested in.

---

[3] OfficeMax operates a number of websites that are not open to the general public, including maxbuyer.officemax.com, government.officemax.com, and officemaxsolutions.com.   To the extent other OfficeMax websites comprise the accused functionality, they infringe the '682 patent as well.

*FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT*
*Case No. C11-716 MJP*
*Page 30 of 35*

S U S M A N   G O D F R E Y   L . L . P .
1201 Third Avenue, Suite 3800
Seattle, WA  98101-3000
Tel:  (206) 516-3880; Fax: (206) 516-3883

1544610v1/011873

Exhibit 38 also demonstrates how users may perform activities (e.g., reviewing or adding products to their shopping carts or "Favorites") that can be used to generate recommendations for other users. The hardware and software associated with the Staples websites identified above and any other Staples websites that perform this function infringe at least claims 1, 2, 3, 4, 5, 6, 7, 8, 9, 11, 12, 13, 16, 17, and 20 of the '682 patent under 35 U.S.C. § 271.

72.     Defendant Yahoo has infringed and continues to infringe one or more claims of the '682 patent under 35 U.S.C. § 271. Yahoo operates multiple websites that recommend content such as products, articles, blog posts, photos, and music to users. The determination of which content is to be recommended is based at least in part on other users' activities, including, for example, viewing, sharing, rating, or commenting on the content. For example, as demonstrated by Exhibit 39, the Yahoo Buzz website alerts users of online articles or blog postings that they may be interested in by identifying them as "Top Buzz." Exhibit 39 also demonstrates how users may perform activities (e.g., "Buzzing up" or "Buzzing down") that can be used to generate recommendations for other users. Similar functionality is used by many websites that are owned and operated by Yahoo, including Delicious, Flickr, Yahoo Shopping, Yahoo Music, and Yahoo Answers. Although the types of content (e.g., articles, blog posts, photos, product information, music, etc.) and the types of user activities that are used to generate alerts (e.g., viewing, sharing, commenting, rating, etc.) may vary from website to website, each website performs the function described above. The hardware and software associated with the Yahoo websites identified above and any

---

[4] Staples operates a number of websites that are not open to the general public, including eway.com, stapleslink.com, and staples4government.com. To the extent other Staples websites comprise the accused functionality, they infringe the '682 patent as well.

FIRST AMENDED COMPLAINT FOR PATENT
INFRINGEMENT
Case No. C11-716 MJP
Page 31 of 35

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

1544610v1/011873

other Yahoo websites that perform this function infringe at least claims 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 16, 17, and 20 of the '682 patent under 35 U.S.C. § 271.

73.     Defendant YouTube has infringed and continues to infringe one or more claims of the '682 patent under 35 U.S.C. § 271.   YouTube operates the YouTube.com website, which provides video recommendations to users.   The determination of which videos are to be recommended is based at least in part on other users' activities, including, for example, viewing, "liking," sharing, or commenting on videos.   For example, as demonstrated by Exhibit 40, the YouTube.com website alerts users of videos that they may also be interested by putting the products in the "Suggestions" section.   Exhibit 40 also demonstrates how users may perform activities (e.g., "liking," sharing, commenting, or adding a video to their "favorites") that can be used to generate recommendations for other users.   The hardware and software associated with the YouTube.com website that perform this function infringe at least claims 1, 2, 3, 4, 5, 6, 7, 8, 9, 11, 12, 13, 16, 17, and 20 of the '682 patent under 35 U.S.C. § 271.

74.     Defendants AOL, Apple, eBay, Facebook, Google, Netflix, Office Depot, OfficeMax, Staples, Yahoo, and YouTube's acts of infringement have caused damage to Interval, and Interval is entitled to recover from Defendants the damages sustained by Interval as a result of Defendants' wrongful acts in an amount subject to proof at trial. Defendants' infringement of Interval's exclusive rights under the '682 patent will continue to damage Interval, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.   Interval reserves the right to allege, after discovery, that Defendants' infringement is willful and deliberate, entitling Interval to increased damages

*FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT*
*Case No. C11-716 MJP*
*Page 32 of 35*

1544610v1/011873

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

under 35 U.S.C. § 284 and to attorney's fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## JURY DEMAND

75.     Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Interval respectfully requests a trial by jury on all issues properly triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Interval Licensing LLC requests entry of judgment in its favor and against Defendants as follows:

a)     Declaration that (1) Defendants AOL, Apple, eBay, Facebook, Google, Netflix, Office Depot, OfficeMax, Staples, Yahoo, and YouTube have infringed, directly and/or indirectly, U.S. Patent No. 6,263,507; (2) Defendants AOL, Apple, eBay, Facebook, Google, Netflix, Office Depot, OfficeMax, Staples, Yahoo, and YouTube have infringed, directly and/or indirectly, U.S. Patent No. 6,757,682; and (3) Defendants AOL, Apple, Google, and Yahoo have infringed, directly and/or indirectly, U.S. Patent Nos. 6,034,652 and 6,788,314.

b)     Awarding the damages arising out of (1) Defendants' AOL, Apple, eBay, Facebook, Google, Netflix, Office Depot, OfficeMax, Staples, Yahoo, and YouTube's infringement of U.S. Patent No. 6,263,507; (2) Defendants' AOL, Apple, eBay, Facebook, Google, Netflix, Office Depot, OfficeMax, Staples, Yahoo, and YouTube's infringement of U.S. Patent No.   6,757,682; and (3) Defendants' AOL, Apple, Google, and Yahoo's infringement of U.S. Patent Nos. 6,034,652 and 6,788,314, to Interval, together with prejudgment and post-judgment interest, in an amount according to proof;

*FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT*
*Case No. C11-716 MJP*
*Page 33 of 35*

1544610v1/011873

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

c)      Permanently enjoining Defendants and their respective officers, agents, employees, and those acting in privity with them, from further infringement, including contributory infringement and/or inducing infringement, of U.S. Patent Nos. 6,263,507, 6,034,652, 6,788,314, and 6,757,682, or in the alternative, awarding a royalty for post-judgment infringement;

d)      Awarding attorney's fees pursuant to 35 U.S.C. § 285 or as otherwise permitted by law; and

e)      Awarding such other costs and further relief as the Court may deem just and proper.


Dated: May 3, 2011              /s/ Justin A. Nelson
                                Justin A. Nelson
                                WA Bar No. 31864
                                E-Mail: jnelson@susmangodfrey.com
                                Edgar Sargent
                                WA Bar No. 28283
                                E-Mail: esargent@susmangodfrey.com
                                Matthew R. Berry
                                WA Bar No. 37364
                                E-Mail: mberry@susmangodfrey.com
                                SUSMAN GODFREY L.L.P.
                                1201 Third Ave, Suite 3800
                                Seattle, WA 98101
                                Telephone: (206) 516-3880
                                Facsimile: (206) 516-3883

                                Max L. Tribble, Jr.
                                E-Mail: mtribble@susmangodfrey.com
                                SUSMAN GODFREY L.L.P.
                                1000 Louisiana Street, Suite 5100
                                Houston, Texas 77002
                                Telephone: (713) 651-9366
                                Facsimile: (713) 654-6666

                                Michael F. Heim
                                E-mail: mheim@hpcllp.com

*FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT*
*Case No. C11-716 MJP*
*Page 34 of 35*

SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (206) 516-3880; Fax: (206) 516-3883

1544610v1/011873

Eric J. Enger
E-mail:  eenger@hpcllp.com
Nathan J. Davis
E-mail:  ndavis@hpcllp.com
HEIM, PAYNE & CHORUSH, L.L.P.
600 Travis, Suite 6710
Houston, Texas 77002
Telephone: (713) 221-2000
Facsimile: (713) 221-2021

Attorneys for INTERVAL LICENSING LLC

*FIRST AMENDED COMPLAINT FOR PATENT*
*INFRINGEMENT*
*Case No. C11-716 MJP*
*Page 35 of 35*

1544610v1/011873

S U S M A N   G O D F R E Y   L . L . P .
1201 Third Avenue, Suite 3800
Seattle, WA  98101-3000
Tel:  (206) 516-3880; Fax: (206) 516-3883